## City Court.

*Trial Term—February*, 1885.

## ROBERT HENRY GILDEA *against* FERDINAND P. EARLE.

A hotel-keeper who sells goods of his guest to satisfy a board bill is guilty of conversion, unless he is authorized by the guest to sell, or unless he forecloses his lien in the mode pointed out by the statutes.

*Wm. Irvin*, for plaintiff.

*Jones Cochrane*, for defendant.

The plaintiff, a guest of the defendant, left his hotel, leaving his wardrobe and a board bill due. The defendant subsequently sold the property to satisfy his lien, and the plaintiff sued for conversion. The facts appear in the charge to the jury made by:

Gildea *v.* Earle.

" McAdam, Ch. J.—Gentlemen : The plaintiff became a guest of the defendant's hotel, and contracted a bill amounting to $37.95, which being unpaid, his baggage, which was in the hotel, was retained as security for the payment. The defendant, being a hotel-keeper, had an inn-keeper's lien upon the plaintiff's baggage, and, therefore, had a legal right to retain it until the charges thereon were paid. No wrong was done up to this time, and neither party had a legal cause of complaint against the other, so far as the present record discloses. It is claimed, however, that subsequently the defendant wrongfully sold the plaintiff's property and thereby converted it to his own use, to the plaintiff's damage. The defendant denies the alleged conversion. This is the issue presented, and is the main question you are called upon to decide. The defendant admits that he sold part of the defendant's property, and says he is williug to return that which remains unsold. The defendant justifies the sale on two grounds : *First.* Upon express authority from the plaintiff; and, *Second.* Upon his statutory right as an inn-keeper. Upon these questions I charge you :

" *First.* If the plaintiff authorized the sale of these goods, it was a legal sale, whether conducted by an auctioneer or otherwise, because the defendant by such authorization became the plaintiff's agent for all the purposes of the sale. Therefore, if you find the plaintiff authorized the sale, find for the defendant.

" *Second.* If the plaintiff gave no express authority to the defendant to sell, still the defendant had the statutory right to sell, provided he published notice of the time and place of sale, according to the act of 1879 (chap. 530). There is no proof, however, that the provisions of this act have been complied with, so that the authority to sell, not being derived from compliance with the statute, nor from the judgment or decree of any court, must have come from the plaintiff, or otherwise it was unauthorized and amounts in law to a conversion. An inn-keeper may, if

he chooses, avail himself of this statute, which is permissive merely, or he may foreclose his lien in equity, or by proceeding under other statutes which authorize the foreclosure of such liens and sales therefor, but there must be authority in some legal form for the sale.

"If the sale was legal, it will be your duty to find a verdict for the defendant in respect to the goods sold, and also as to the balance, unless you find affirmatively that he had possession of them and refused to give them up on demand. The question of tender becomes of very little consequence, because it was made after the sale and after the defendant's demand had been satisfied—and after the defendant had put it out of his power to comply with the demand.

"If, on the other hand, you find that the sale was unauthorized and illegal under the instructions I have given, you will find a verdict in favor for the plaintiff for the fair and reasonable value of the property at the time of the conversion, considering, of course, in determining the question of value, the character, age and condition of the property said to have been converted, and deduct from this value the amount of the defendant's lien on the property and render your verdict for the balance, with interest added. If the goods on the sale brought all they were worth, and the sale embraced all the goods the plaintiff left at the hotel, find for the defendant, as they only brought about enough to satisfy the lien and other charges."

The jury found in favor of the plaintiff for $205.

This judgment was affirmed by the general terms of the city court and New York common pleas.